UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Randolph L. Chambers

    v.                                Civil No. 08-cv-323-PB

Richard Gerry, Warden,
New Hampshire State Prison

**REPORT AND RECOMMENDATION**

    Before the Court is Randolph Chambers' petition for a writ of habeas corpus (document no. 1) and addendum thereto (document no. 3)[1], filed pursuant to 28 U.S.C. § 2254. The matter is before me for preliminary review. See Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (requiring initial review to determine whether the petition is facially valid); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing magistrate judge to preliminarily review pro se filings by incarcerated persons). Also before the Court for consideration is Chambers' motion to amend his petition for a writ of habeas corpus (document no. 6) and his amended complaint (document no. 7). In

---

[1] I will accept the petition and the addendum, in the aggregate, as the petition in this case.

those pleadings, Chambers seeks to convert his action from a habeas petition to a civil rights suit under 42 U.S.C. § 1983. For the reasons explained herein, I recommend that the petition for a writ of habeas corpus (document nos. 1 & 3) be dismissed. I also recommend that the motion to amend the petition (document no. 6) be denied.  In an Order issued simultaneously with this Report and Recommendation, I will direct the Clerk's Office to docket Chambers' amended complaint (document no. 7) as a new civil rights case.

### Standard of Review

Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review.  LR 4.3(d)(2).  In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520–21 (1972) to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the

correct cause of action, even if it was imperfectly pled." See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true. See id. This review ensures that pro se pleadings are given fair and meaningful consideration.

## Background

Randolph Chambers is an inmate at the New Hampshire State Prison. He has been serving a 15 – 30 year sentence since December of 2001. As a result of his behavior at the prison, he has been classified as either a C-4 ("close custody") or C-5 ("maximum security") inmate, which entails housing in particular units at the prison. Prior to being classified C-4 or C-5, Chambers had purchased a number of items from the prison canteen. Chambers alleges that when he was housed in C-4 and C-5 units, he was directed to send his property out of the prison and warned that if he did not send it out, it would be destroyed, as those units restrict the items that might be possessed by inmates. The

prison also refuses to store certain items for inmates, citing space restrictions.

Chambers has challenged the application of the prison's policy to him, as well as the constitutionality of that policy. Chambers has filed prison grievances as well as a State court habeas petition seeking relief in this matter. Unsuccessful in those fora, Chambers now seeks habeas relief here based on the prison's actions which, he alleges, have unconstitutionally deprived him of his property.

## Discussion

Chambers challenges the deprivation of property interests by the New Hampshire State Prison. As Chambers apparently concedes in his motion to amend his petition, his claims are not properly raised in a habeas petition, as habeas relief is only available to challenge the fact or length of an inmate's confinement. See Preiser v. Rodriquez, 411 U.S. 475, 489-99 (1973); Wolff v. McDonnell, 418 U.S. 539, 554 (1974). Chambers' objections to the handling of inmate property at the prison do not constitute a constitutional challenge to the fact or length of his confinement, and I recommend, therefore, that this petition be dismissed. I also recommend that the motion to amend the

petition be denied as moot upon the approval of this recommendation.

Conclusion

Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date:   October 23, 2008

cc:     Randolph L. Chambers, pro se